Emmett J. Scbotepp, J.
The Environmental Conservation Department, Region 8, of the State of New York approved the plans of the Town of Arcadia in Wayne County for a sanitary landfill on its 170-acre parcel of land, known as the Lada Farm,- and the Regional Director of the New York State Health Department approved the establishment of this refuse disposal area. These approvals were made on June 6, 1973 pursuant to the State Sanitary Code and were subject, among other things, to the condition that the operation be conducted in conformance with the requirements of part 19 of the Code (10 NYCRR Part 19).
Petitioners instituted this article 78 proceeding to vacate, annul and set aside the determinations of the respondents. The proceeding was commenced by the service of a notice of petition and a petition on the respondents on October 5, 1973, returnable before Special Term on November 14, 1973. On November 5, 1973 respondents filed an answer containing objections in point of law, an affirmative defense with an answering affidavit and a return.
On the return day John Pirrello and Mary Pirrello by their attorney moved orally for permission to intervene as petitioners in the proceeding. While intervention is permitted in an article 78 proceeding, the application must be accompanied by a proposed pleading setting forth the claim for which intervention is sought (CPLR 1013,1014). Intervention is denied here because of the failure to comply with the required CPLR procedures.
Petitioners, who allege their ownership of land in the immediate vicinity of landfill, are aggrieved persons, because of the alleged prospect of injury or damage to their personal or property rights. The petition contains allegations that the approval *811 of the application was made upon an incomplete investigation and insufficient factual data, that respondents failed to take into consideration the possible deleterious effect of the landfill on surrounding agricultural lands and failed to carry out constitutional mandates concerning the development and improvement of agricultural lands for the production of food, failed to make a proper determination as to the geological composition of the subsurface of the site and the flow of ground and subsurface waters and was unreasonable, arbitrary and capricious and unlawful. Although the petition contained allegations of ultimate facts and not of evidentiary material, and is attacked for its conclusory allegations and generality and failure to allege facts showing any possible pollution resulting from the landfill operation, the ultimate question before the court, which should be resolved, is whether the respondents had a reasonable basis in the exercise of their discretion to approve the application.
It appears from the answer and the return that-prior to the approval of the application, on-site inspections of the landfill areas were conducted, the development plans and engineer’s report which were submitted with the application were reviewed and geological information based upon test borings and soil investigations was provided. With the engineer’s report, data was provided respecting the adjacent agricultural land use, geology and soils and detailed plans of the proposed site development, including drainage, site preparation, details of the land filling operation, and other factors relating to the prevention of environmental degredátion. The report of the licensed engineer which accompanied the application detailed the engineering and operational data for the proposed landfill and substantially complied with the guidelines and procedure of the Department of Environmental Conservation relative to the preparation of such reports. The detailed plans described the areas of the proposed landfill operations and the location of the project well, sites of test borings and test pits, geological features of the area and methods of dealing with surface and subsurface waters. The permit was issued contingent upon, among other things, a ground water sampling program, and on-site inspections to assure site preparation in accordance with the approved plans as well as continuing inspection of the operation by the Department of Environmental Conservation to insure its operation in accordance with practices required by Official Codes, Bules and Begulations of the State.
Petitioners assert that the return reflects the plans do not provide the information relative to “ rainfall densities ”, an *812 item which must be considered in plans and specifications for review by the Environmental Conservation Department under its guidelines. Petitioners claim that a question of fact is presented as to whether or not the State complied with its own guidelines and whether its action was proper under all the circumstances, and that this question may only be determined after a trial (CPLR 7804, subd. [h]). The report and plans of the engineer detail the existing drainage pattern of the area and make provision for upgrade intercepting ditches to isolate the proposed landfill area from surface and subsurface waters. In addition, internal drainage of the proposed landfill area is provided for by the installation of dikes on the downgrade side of the proposed landfill area leading to retention basins. Although no specific information was provided relative to rainfall densities, it thus appears that consideration was given to rainfall and its effect on the site and the plans make provision for the interception and retention, where necessary, of surface waters resulting from rainfall and melting snow.
It appears that there was ample evidence in the record to warrant respondents in the exercise of their discretion to approve the application and to support their determination. There is nothing to indicate a violation of lawful procedure or an error of law or that the determination was arbitrary or capricious, (CPLR 7803, subd. 3.) The established standards for the approval of a new refuse disposal area were followed, the factual data before respondents reflected the landfill would not result in any deleterious effect upon surrounding properties or area ground and subsurface waters and it must be presumed that the landfill will be operated in conformance with the requirements of the State Sanitary Code and the regulations of the Environmental Department and that the State will enforce its rules. Respondents had the discretionary power to approve the application and grant the permit. The record discloses a rational and adequate basis for the exercise of their discretion, and that their discretion was exercised on the proof and evidence before it, and no triable issue of fact is presented.
The application of the petitioners is denied and the petition dismissed.